IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CLAIRE PIKRAMENOS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MN AIRLINES, INC., Individually and ) <br> d/b/a SUN COUNTRY AIRLINES, ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 5:19-CV-109 (MTT) |

## ORDER

Defendants Sun Country Inc. d/b/a Sun Country Airlines ("Sun Country") and Beau Rivage Resorts, LLC ("Beau Rivage") move to compel the Plaintiff's discovery responses. This motion is **GRANTED**.

Plaintiff, Claire Pikramenos, filed this action on February 19, 2019 in the State Court of Bibb County, Georgia. Doc. 1-2. The Defendants removed the action to this Court on March 25, 2019. Doc. 1. The Court entered a scheduling and discovery order on May 2, 2019. Doc. 11.

On May 9, 2019, Sun Country served its first set of interrogatories and requests for production of documents on Plaintiff's counsel. Doc. 20 at 2. On June 7, 2019, Plaintiff's counsel moved to withdraw as counsel of record for Pikramenos. Doc. 13. According to counsel's motion, "Pikramenos has been informed in writing that her response to Defendant's written discovery requests

are due on June 21, 2019 and a copy of said discovery has been provided to her." *Id.* at 2.

The Court held a status and scheduling conference on July 11, 2019, and granted counsel's motion to withdraw. Doc. 17. The Court questioned Pikramenos regarding replacement counsel, and she informed the Court she was seeking new counsel. *Id.* The Court ordered a stay until August 31, 2019 to give Pikramenos time to find replacement counsel. *Id.* Pikramenos was informed that the Court would enter a scheduling order after August 31, 2019. *Id.*

Pikramenos did not retain new counsel. On September 5, 2019, the Court entered a scheduling order setting a March 3, 2020 discovery deadline. Doc. 18.

On September 6, 2019 Sun Country mailed Pikaremenos its second set of interrogatories and requests for production of documents and Beau Rivage mailed Pikramenos its first set of interrogatories and requests for production of documents. Doc. 20 at 3. Sun Country included a copy of its first discovery requests that were originally sent to Pikramenos' counsel on May 9, 2019. *Id.*

Pikramenos did not respond to the discovery requests. On October 18, 2019, counsel for the Defendants sent Pikramenos a letter requesting that she respond to the discovery requests and contact counsel to discuss a timeline for her responses. Doc. 20-2. Pikramenos did not respond to the letter. On November 6, 2019, counsel for the Defendants sent Pikramenos a second letter

requesting her to respond to the discovery requests.  Doc. 20-3.  Pikramenos has not responded to the second letter.

Federal Rule of Civil Procedure 37 provides that "a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Pikramenos failed to respond to the Defendants' discovery requests, and the Defendants have made at least two good faith attempts to confer with Pikramenos.  Docs. 20-2; 20-3.

Thus, the Court **GRANTS** the Defendants' motion to compel the Plaintiff's discovery responses.[1]  Doc. 20.  Pikramenos has **21 days** from the date of this Order to respond, without objection, to all outstanding discovery.  Should Pikramenos fail to comply with this Order, the Court may dismiss the action pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v).

**SO ORDERED**, this the 3rd day of January, 2020.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

---

[1] The Defendants also request recovery of costs and attorney's fees for bringing their motion to compel.  Doc. 21 at 2.  Fed. R. Civ. P. 37(a)(5) provides that the "court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . . [unless] other circumstances make an award of expenses unjust."  At this time, the Court reserves ruling on this issue.