# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CLAIRE PIKRAMENOS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:19-CV-109 (MTT) |
| ) | |
| **MN AIRLINES, INC., Individually and** ) | |
| **d/b/a SUN COUNTRY AIRLINES,** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Plaintiff, Claire Pikramenos, filed this action on February 19, 2019 in the State Court of Bibb County, Georgia. Doc. 1-2. The Defendants removed the action to this Court on March 25, 2019. Doc. 1. The Court entered a scheduling and discovery order on May 2, 2019. Doc. 11.

On May 9, 2019, Sun Country served its first set of interrogatories and requests for production of documents on Pikramenos' counsel. Doc. 20 at 2. On June 7, 2019, counsel moved to withdraw as counsel of record for Pikramenos. Doc. 13. According to counsel's motion, "Pikramenos has been informed in writing that her response to Defendant's written discovery requests are due on June 21, 2019 and a copy of said discovery has been provided to her." *Id.* at 2.

The Court held a status and scheduling conference on July 11, 2019 and granted counsel's motion to withdraw. Doc. 17. The Court questioned Pikramenos regarding replacement counsel, and she informed the Court she was

seeking new counsel. *Id.* The Court ordered a stay until August 31, 2019 to give Pikramenos time to find replacement counsel. *Id.* Pikramenos was informed that the Court would enter a scheduling order after August 31, 2019. *Id.*

Pikramenos did not retain new counsel. On September 5, 2019, the Court entered a scheduling order setting a March 3, 2020 discovery deadline. Doc. 18.

On September 6, 2019 Sun Country mailed Pikramenos its second set of interrogatories and requests for production of documents and Beau Rivage mailed Pikramenos its first set of interrogatories and requests for production of documents. Doc. 20 at 3. Sun Country included a copy of its first discovery requests that were originally sent to Pikramenos' counsel on May 9, 2019. *Id.*

Pikramenos did not respond to the discovery requests. On October 18, 2019, counsel for the Defendants sent Pikramenos a letter requesting that she respond to the discovery requests and contact counsel to discuss a timeline for her responses. Doc. 20-2. Pikramenos did not respond to the letter. On November 6, 2019, counsel for the Defendants sent Pikramenos a second letter requesting her to respond to the discovery requests. Doc. 20-3. Pikramenos did not respond to the second letter.

Given Pikramenos' failure to respond to discovery, the Defendants moved to compel her discovery responses. Doc. 20. On January 3, 2020, the Court granted their motion to compel. Doc. 22. The Court told Pikramenos that she had until January 24, 2020 to respond, without objection, to all outstanding

discovery. The Court also informed Pikramenos that should she fail to comply with the Order, her action may be dismissed. Doc. 22 at 3 (citing Fed. R. Civ. P. 37(b)(2)(A)(v)).

Pikramenos has not responded to the January 3, 2020 Order.

The "[C]ourt has broad discretion to control discovery." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). Under Rule 37, if a party "fails to obey an order to provide or permit discovery," the Court may impose sanctions, including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(A). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and [e]nsure the integrity of the discovery process." *Gratton v. Great American Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999). Additionally, the Court may dismiss an action pursuant to Rule 41(b), which provides for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "Not only may a district court dismiss . . . upon motion of a defendant, but it may also sua sponte dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (citations omitted)[1].

A dismissal with prejudice is considered a severe "sanction and is not favored." *Phipps,* 8 F.3d at 790 (citations omitted). Normally such a dismissal is

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

warranted only in cases of "willfulness, bad faith, or fault." *Id.* (citations omitted). Plus, such a sanction is generally used only as a last resort after lesser sanctions have failed. *Id.*

In this case, Pikramenos refused to comply with discovery requests and failed to respond to the Court's January 3, 2020 Order. Plus, the Court specifically informed her that dismissal may occur should she fail to obey the January 3, 2020 Order. Doc. 22. But the Court finds that the more appropriate sanction in this case is a dismissal without prejudice. While Pikramenos was represented by counsel when the action was filed, counsel withdrew from the case shortly afterwards. Docs. 12; 13; 14; 17. Pikramenos has attempted to retain new counsel but has obviously been unable to do so. Doc. 17. Thus, she has been forced to proceed pro se. While she did fail to comply with the January 3, 2020 Order, Pikramenos has not failed to comply with multiple court orders. Plus, the Court has not tried any lesser sanctions in this case. Thus, the Court concludes that the lesser sanction of dismissal without prejudice is appropriate in this action.[2]

Accordingly, Plaintiff's action is **DISMISSED without prejudice**.

---

[2]Although the statute of limitations has run since Pikramenos filed this action, it does not appear that a dismissal without prejudice would be a dismissal with prejudice. Pikramenos complained about injuries sustained in a March 10, 2017 commercial air jet landing at the Middle Georgia Regional Airport in Macon-Bibb County, Georgia. Doc. 1 at 2. She filed the action in the Superior Court of Bibb County on February 19, 2019. Doc. 1-2. Georgia's two-year statute of limitations for personal injury actions governs the case. It appears Pikramenos may be able to take advantage of Georgia's renewal statutes should she decide to refile. O.C.G.A. § 9-2-61(a); *Kimball v. KGB Transp.*, 241 Ga. App. 511, 511, 527 S.E.2d 233, 234 (1999) (citation omitted) ("Although [O.C.G.A. § 9-2-61(a)] states that it applies where a plaintiff has dismissed an action, we have held that it applies to voluntary or involuntary dismissals here the merits where not adjudicated.")

**SO ORDERED**, this the 10th day of February, 2020.

                                              S/ Marc T. Treadwell
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT